SUMMARY ORDER

Petitioner An Na Lin, a native and citizen of the People’s Republic of China, seeks review of an October 20, 2008 order of the BIA affirming the January 19, 2007 decision of Immigration Judge (“IJ”) Paul A. DeFonzo, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re An Na Lin, No. A95 665 994 (B.I.A. Oct. 20, 2008), aff'g No. A95 665 994 (Immig. Ct. N.Y. City Jan. 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Lin fails to challenge the agency’s denial of her family planning, illegal departure, and loan shark claims, and its denial of her motion to remand. Thus, we deem any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, substantial evidence supports the agency’s finding that Lin failed to demonstrate a well-founded fear of future persecution on account of her religion. The IJ observed that she attended church in China without any problems prior to departing, and that her parents’ letter made no reference to her claim that she will be persecuted because of her religion. Because Lin fails to point to anything in the record that indicates that her fear is objectively reasonable, we need not disturb the agency’s decision. See Jian Xing Huang v. I.N.S., 421 F.3d 125, 129 (2d Cir.2005) (stating that a fear is not objectively reasonable if *95 it lacks “solid support” in the record); see also 8 U.S.C. § 1252(b)(4)(B); Manzur, 494 F.3d at 289.
Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal where that claim relied on the same factual predicate. See 8 C.F.R. § 1208.16(b)(l)(i)(A); Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, substantial evidence supports the agency’s denial of her CAT claim as she failed to present “particularized evidence” suggesting that she will more likely than not be tortured if returned to China because “she is a devout follower of the Christian religion.” See Mu Xiang Lin v. Dep’t of Justice, 432 F.3d 156, 158 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).